# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RICHARD H. GREENLEE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) No. 09-2243-CV-FJG |
| UNITED STATES DISTRICT COURT, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court are (1) Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. No. 3); and (2) Plaintiff's Application for Appointment of Counsel (Doc. No. 4). Together with plaintiff's motions is plaintiff's Affidavit of Financial Status (Doc. No. 3, Ex. 1).

**I.   Application for Leave to File Action without Payment of Fees (Doc. No. 3)**

Pursuant to 28 U.S.C. § 1915, this Court may authorize the commencement or prosecution of any suit without prepayment of fees when an applicant files an affidavit stating that he is unable to pay the costs of the lawsuit, and the Court determines that the lawsuit is not frivolous or malicious.

A review of plaintiff's affidavit reveals that he is sufficiently impoverished to qualify under § 1915. However, the Court's inquiry does not end with a finding of sufficient impoverishment. Instead, the Court "shall dismiss" cases filed in forma pauperis "at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In the present matter, plaintiff has named as defendants the United States District Court of Kansas, the United States Postal Service, U.S. District Judge Carlos Murgia, U.S. District Judge John W. Lungstrum, and U.S. Magistrate Judge David J. Waxse.

Defendant's statement of claim (Doc. No. 1, ¶ III) states that plaintiff is making claims for, "prejudice, Discrimination, civil Rights, American W/ Disabilities, Constitution privileges, equal rights, immunities, Attorney to represent Laws & statutes from the EEOC filings."  In the paragraph entitled Relief (Doc. No. 1, ¶ IV), plaintiff requests the Court "Drop Restriction against Richard Greenlee v. U.S. postal service allow lawsuit."  Plaintiff claims money damages for "Employment, Backpay, Discrimination, prejudice, civil Rights, Constitution, EEOC, merit system protection Board, and judgment for restitution restorative and Health and Welfare charges."  Doc. No. 1, ¶ VII.  Plaintiff indicates his claims have been presented through administrative procedures with a governmental agency in 1993, 1995, 1998, 2003, 2004, 2005, 2006, 2007, 2008 and 2009.  Doc. No. 1, ¶ VIII.B.

Plaintiff indicates that there is no related litigation to the present matter.  Doc. No. 1, ¶ IX.  However, this appears to be incorrect.  Plaintiff has filed six previous lawsuits in the District of Kansas against his former employer, the United States Postal Service.  See Greenlee v. U.S. Postal Service, 93-CV-2066-KHV; Greenlee v. U.S. Postal Service, et al., 95-CV-2525-JWL; Greenlee v. United States Postal Services, 04-CV-2570-MLB-DJW; Greenlee v. United States Postal Service, 05-2509-JWL-JPO; Greenlee v. United States Postal Service, 06-2167-CM-DJW; and Greenlee v. United States Postal Service, 08-2479-CM-DJW.  In Case No. 06-2167-CM-DJW, the Court granted defendant's request for filing restrictions against plaintiff, who had failed to heed warnings set out by Judge Lungstrum in Case No. 05-2509-JWL-JPO.  In Case No. 06-2167, Judge Murgia issued an Order imposing the following restrictions:

> Plaintiff is prohibited from filing another case in this district against this defendant, unless he is represented by counsel or, if he proceeds pro se unless he provides a notarized affidavit that verifies with particularity that the new action is commenced on grounds that are distinguishable from those previously dismissed.  Any proposed complaint against defendant must list all previous actions against defendant and provide notice of this filing restriction.  Upon compliance with these requirements, the court will review the complaint and determine

whether it should be accepted for filing.

Greenlee v. U.S. Postal Serv., No. 06-2167-CM, 2007 WL 141016, at *6 (D. Kan. Jan. 17, 2007).  The filing restrictions imposed on plaintiff were affirmed by the Tenth Circuit. Greenlee v. U.S. Postal Service, 247 Fed. Appx. 953, 954 n. 3 (10th Cir. 2007)(finding, "given the frequency, redundancy, heft, and sheer implausibility of Greenlee's complaints, these modest restrictions are more than appropriate to protect the limited resources of the district court as well our own.").

After a review of plaintiff's proposed complaint as well as plaintiff's filing history, it is clear that plaintiff's case is frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B).  To the extent that plaintiff is asserting claims against the United States Postal Service, plaintiff has not complied with the filing restrictions imposed by the Court in Case No. 06-2167. Therefore, plaintiff's claims against the United States Postal Service will be **DISMISSED WITHOUT PREJUDICE.**

As for plaintiff's claims against United States District Court of Kansas, U.S. District Judge Carlos Murgia, U.S. District Judge John W. Lungstrum, and U.S. Magistrate Judge David J. Waxse, those claims are barred by judicial immunity.  It is an established principle that a judicial officer is generally immune from suit for money damages.  Mireles v. Waco, 502 U.S. 9, 9-10 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Roemer v. Crow, 993 F.Supp. 834, 836 (D.Kan.1998).  There are only two exceptions to this rule. First, a judge may be held liable for nonjudicial actions, Mireles, 502 U.S. at 11; and second, a judge may be held liable for actions taken "in the complete absence of jurisdiction." Id. at 12.  Additionally, "judicial immunity is not overcome by allegations of bad faith or malice." Id. at 11.  Disagreeing with a judge's actions does not justify depriving that judge of his or her immunity.  Stump v. Sparkman, 435 U.S. 349, 363 (1978).

In the present matter, the claims against the District Court and Judges Lungstrum, Murgia, and Waxse all appear to fall within the doctrine of judicial immunity.  Plaintiff does

not make any claims that the actions taken by the court and judges were "nonjudicial"; in fact, the only claim plaintiff has pled with any particularity is plaintiff's complaint that the named judges improperly imposed restrictions upon plaintiff's ability to file further actions against the United States Postal Service. This is undoubtedly a judicial action. Further, the action of imposing filing restrictions on plaintiff was not taken in the complete absence of jurisdiction. Therefore, the claims for damages against the District Court and Judges Lungstrum, Murgia, and Waxse are barred.[1]

Therefore, for the foregoing reasons, plaintiff's Application for Leave to File Action without Payment of Fees (Doc. No. 3) is **DENIED.**

## II.     Motion to Appoint Counsel (Doc. No. 4)

Plaintiff has requested appointment of counsel. As the Court has found that plaintiff's proposed complaint is frivolous, plaintiff's motion for appointment of counsel (Doc. No. 4) will be **DENIED**.

## III.    Conclusion

Accordingly, it is hereby **ORDERED** that:

1. Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 3) is **DENIED**;

2. Plaintiff's Motion to Appoint Counsel (Doc. No. 4) is **DENIED**; and

3. This case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal is without prejudice to the filing of a paid complaint.

---

[1] Further, to the extent that plaintiff may be seeking equitable relief from the judges and the District Court in the form of an injunction or a declaratory judgment, the Court notes that equitable relief is available only in the absence of adequate remedies at law. Switzer v. Coan, 261 F.3d 985, 991 (10th Cir. 2001). As the District Court's rulings in the previous cases could have been challenged on appeal or through an extraordinary writ, the type of equitable relief plaintiff may be seeking in the present matter is unavailable as a matter of law. Id.

**IT IS FURTHER ORDERED** that the Clerk of the Court send a copy of this order via regular and certified mail to plaintiff at the following address:

Richard H. Greenlee
P.O. Box 4029
Overland Park, KS 66204

**IT IS SO ORDERED.**

Date: 5/21/09　　　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　Chief United States District Judge